**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ROBERT JASON BURDICK # 454219,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-CV-00740** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **TAUREN JAMES, *Warden*,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

In this pro se habeas case, Petitioner Robert Jason Burdick has filed a "Motion Requesting this Court to Take Judicial Notice of the Official Serology DNA Lab Report Generated by the T.B.I Agency" (Doc. No. 3), "Motion Requesting Chief Judge to Recuse Himself" (Doc. No. 9), Motion to Compel Respondent to Provide Sentencing Transcript (Doc. No. 17), and Motion for Extension of Time to File Response/Reply to Respondent's Response. (Doc. No. 18).

### I. MOTION TO RECUSE

Petitioner has filed a motion seeking the recusal of the undersigned in the instant case. (Doc. No. 9). He titles his memorandum filed in support of his recusal motion as one "pursuant to 28 U.S.C. § 455(a)" (Doc. No. 10 at 1) but, within the memorandum, he states that "his claim is based on 28 U.S.C. § 455(b)(1)." (*Id.*)

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Huth v. Hubble*, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). 28 U.S.C. § 455 sets forth the recusal processes for judges where the judge harbors prejudice or bias for or against a party. Ultimately, a judge's "disqualification decision must reflect

*not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Arrowood Indem. Co. v. City of Warren*, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting *In re Allied–Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). That is because unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980).

Here, the Court will first discuss whether the undersigned has actual or personal bias against Burdick under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a).

**A. 28 U.S.C. § 455(b)(1)**

Section 455(b)(1) provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). Thus, it requires disqualification for *actual* partiality. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) ("In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial.") (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999); *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."); *In re M. Ibrahim Khan,*

*P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984) ("[B]ias sufficient to justify recusal must be a personal one and not one arising from the judge's view of the law." (collecting cases)).

Burdick argues that the undersigned must recuse under Section 455(b)(1) because his rulings against Petitioner in two prior cases demonstrate personal bias against Petitioner. (Doc. No. 10). The undersigned has adjudicated two previous habeas cases filed by Petitioner: *Robert Jason Burdick v. Warden Martin Frink*, No. 3:21-cv-00602 and *Robert Jason Burdick v. Warden Martin Frink*, No. 3:22-cv-00031. Petitioner criticizes not only the decisions authored by the undersigned in those cases but the the writing style of the undersigned. According to Petitioner, "it appears that little to no attention was given to the Petitioner's argument on these [ineffective assistance of trial counsel] claims . . . ." (Doc. No. 10 at 3). He "believes that, simply because the issues had the same title and contained similar arguments, citing many of the same authorities; even though, the victim's and the facts were different . . . the Chief Judge currently assigned merely paid lip[] service to the claims without any real, meaningful review . . . ." (*Id.* at 4) (punctuation errors unchanged). Petitioner "firmly believes that, even though [his] present claims stem from a completely different case, committed in a completely different county in Tennessee, involve completely different victims and circumstances and, were much more developed evidentiary-wise in the state court proceedings; he cannot and will not receive a fair, meaningful and independent review that his claims deserve." (*Id.*) (punctuation errors unchanged).

Petitioner's arguments, based on his personal beliefs, do not provide grounds for recusal under § 455(b)(1). Petitioner does not suggest (nor would there be any factual basis to do so) that the undersigned possesses "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. 455(b)(1). Instead, Petitioner complains of bias because the undersigned denied relief in two earlier cases filed by Petitioner. However, "judicial rulings alone almost never

constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 553 (1994). Judicial rulings should be grounds for appeal, not for recusal. *See id.* Burdick's disagreement with the Court's rulings does not provide a viable foundation for a motion to recuse. A judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation and internal quotation marks omitted); *see United States v. Campbell*, 59 F. App'x 50, 52 (6th Cir. 2003) (noting that prior adverse rulings by a judge "will almost never serve as a valid basis for recusal and are most often simply grounds for appeal") (citing *Liteky*, 510 U.S. at 555)).

Similarly, Petitioner has not demonstrated that any of the undersigned's rulings were so erroneous or unsupported that they establish the impossibility of the judge's fair judgment in future proceedings. The Sixth Circuit Court of Appeals affirmed this Court's decision in both of Petitioner's previous habeas cases. *See* Case No. 3:21-cv-602 (Doc. No. 31); Case No. 3:22-cv-31 (Doc. No. 28).

Accordingly, Petitioner has not met his "substantial burden" of proving that the undersigned must recuse himself under § 455(b)(1). *Scott v. Metro. Health Corp*., 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." *Id.*

**B. 28 U.S.C. § 455(a)**

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A court's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Sammons*, 918 F.2d 592, 599 (citations and internal quotation marks omitted).

In his motion for recusal, Petitioner asserts that "an appearance of impropriety" exists if the undersigned rules on the instant habeas petition. (Doc. No. 10 at 1). Petitioner supports this assertion with three specific allegations. Looking at the grounds for recusal suggested by Burdick through the lens of Section 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all the circumstances, regardless of Burdick's subjective belief.

First, Petitioner alleges that, because the undersigned rejected Petitioner's ineffective assistance of trial claims raised in previous habeas cases, the undersigned cannot rule on the claims raised in the instant petition without an appearance of impropriety. As noted above, however, judicial rulings very rarely constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. 540, 553. Although the undersigned may not have ruled as Petitioner would have liked at times, Petitioner has presented no evidence that the undersigned's rulings were based on a bias toward him or a favoritism toward Respondent or any third party. *See Hobson v. Mattis*, No. 17-6192, 2018 WL 3241369, at *2 (6th Cir. May 23, 2018) (denying Hobson's motion for recusal based on the judge's rulings against him in the case and the "hostile manner" and "tone of voice" the judge used when addressing Hobson's evidentiary matters).

Second, Petitioner alleges that the decisions authored by the undersigned in Petitioner's earlier-filed habeas cases contain "cut and paste" sections of text that reflect a "lack[s]adaisical review" process. (Doc. No. 10 at 4). For example, Petitioner argues that the introduction sections of those two prior decisions are "exactly the same, word for word save the year of conviction and the offenses of conviction." (*Id.* at 5). Petitioner's dissatisfaction with the undersigned's writing style does not constitute a valid basis for a bias or partiality motion.

Third, Petitioner alleges that the undersigned's reference to him as "The Wooded Rapist" in prior decisions demonstrates personal bias against Petitioner. (Doc. No. 10 at 5). Petitioner states that he "has never, in his entire life gone by that name, answered to or been referred to by family or friends, as 'The Wooded Rapist.'" (Doc. No. 10 at 5). He alleges that the moniker "is a derogatory term the Metro-Davidson County police department used in the newspaper columns of the 'Tennessean[]' as it related to their investigation of[] an unknown suspected rapist in the Nashville area during the early 1990s and 2000s" and "[t]here is simply no reason for the Judge to use that name other than[] to reflect his personal bias." (*Id.* at 5-6).

Petitioner is mistaken about the undersigned's prior use of the phrase "The Wooded Rapist." The undersigned's opinions dismissing the habeas petitions in *Robert Jason Burdick v. Warden Martin Frink*, No. 3:21-cv-00602 and *Robert Jason Burdick v. Warden Martin Frink*, No. 3:22-cv-00031 began with the same two sentences: "Around the turn of the 21st century, a series of rapes was committed in Davidson and Williamson Counties and attributed to a single at-large suspect, nicknamed 'the Wooded Rapist.' Beginning in 2008, Petitioner Robert Jason Burdick was prosecuted and convicted of those crimes." *See Burdick v. Frink*, No. 3:21-cv-00602, 2024 WL 4293894, at *1 (M.D. Tenn. Sept. 25, 2024); *Burdick v. Frink*, No. 3:22-cv-00031, 2025 WL 899957, at *1 (M.D. Tenn. Mar. 24, 2025). The undersigned did not refer to Petitioner as "The Wooded Rapist" in those sentences. Rather, the undersigned's introduction provided context for the crimes of which Petitioner had been convicted and challenged in each habeas petition.[1] In both

[1] The term "The Wooded Rapist" appears four additional times in the undersigned's 2024 decision: (1) "But trial counsel's suppression motion—filed, heard, and decided as a motion to exclude evidence from all proceedings under the original, 14-count indictment—pointed out that the search warrant affidavit referred to multiple rapes and other attacks that were attributed to the then-unknown 'Wooded Rapist" between 1994 and 2006, only one of which occurred (in 2004) in the Meadowlake neighborhood where Petitioner was stopped by Officer Hamm, and the rest of which occurred in the Forest Hills area." 2024 WL 4293894, at *20; (2) "Petitioner further asserts that

decisions referenced by Petitioner, the Court refers to Petitioner as Petitioner or by his full name, Robert Jason Burdick. The undersigned did not adopt the moniker and agrees with Petitioner that it would have been inappropriate to refer to him as "The Wooded Rapist" in any judicial opinion or proceeding.

In summary, none of the reasons advanced by Petitioner would cause an objective, reasonable person to question the undersigned impartiality in the present matter. Petitioner's Motion Requesting Chief Judge to Recuse Himself (Doc. No. 9) will be denied.

## II. MOTION REQUESTING JUDICIAL NOTICE

Next, Petitioner has filed a "Motion Requesting this Court to Take Judicial Notice of the Official Serology DNA Lab Report Generated by the T.B.I Agency." (Doc. No. 3). Respondent has not opposed this motion.

To the extent Petitioner requests that the Court consider evidence in the underlying state-court record, the Court will do so. In all other respects, the Court will hold those requests in abeyance and consider them when reviewing the petition and Respondent's response thereto.

---

trial counsel should have discovered the falsity of the affidavit's allegation that a 2005 sketch of 'the Wooded Rapist' 'closely resembled Robert Burdick's most recent State of Tennessee issued Driver License photograph." *Id.* at *21; (3) "But again, both inconsistencies—Petitioner's clothing compared to the reportedly dark clothing of the suspect, and his resemblance to a sketch of the man suspected of being 'the Wooded Rapist'—were raised in trial counsel's suppression motion[.]" *Id.*; (4) "The affidavit also asserts that Robert Burdick matches the sketch of the 'Wooded Rapist' done by the TBI…." *Id.* at *22. The third and fourth instances are the Court directly quoting from Petitioner's trial counsel's suppression motion. In addition to the introductory sentences noted above, the term "The Wooded Rapist" appears four additional times in the undersigned's 2025 decision essentially as used in the 2024 decision, and in a list of Petitioner's claims ("Trial counsel failed to seek a change of venue due to the outsized publicity around the 'Wooded Rapist' cases, which deprived him of his right to be tried by a fair and impartial jury."). 2025 WL 8999957, at *7.

## III. MOTION TO COMPEL COUNSEL TO PROVIDE SENTENCING TRANSCRIPT

Petitioner also has filed a Motion to Compel Respondent to Provide Sentencing Transcript as it relates to Petitioner's conviction for attempted aggravated rape in Count 1. (Doc. No. 17). In the motion, Petitioner asks the Court to compel Respondent to file the transcript for the sentencing hearing held following the bifurcated trial, alleging that Respondent failed to comply with this Court's prior order directing Respondent to file the complete state court record. (*Id.* at 3) ("[T]he Petitioner has noticed that a critical part of the state court record . . . is not included in the State Court record.").

Counsel for Respondent has responded to Petitioner's motion, stating that,

> Upon receipt of Petitioner's motion, Respondent consulted the record received from the Tennessee appellate court clerk's office to verify that what was received matched the filed record before the appellate court. Based on the appellate court's public case history, Respondent fully complied with this Court's prior order by filing the three (3) transcripts of evidence, one (1) technical record, one (1) supplemental technical record, and trial exhibits, all before the appellate court on direct review. And while the direct appeal record was referenced as part of Exhibit 10 in Petitioner's post-conviction proceedings, (ECF No. 13-20, PageID 1509), this did not include a sentencing hearing transcript that was never part of the direct appeal record. Contrary to Petitioner's argument, Respondent has not failed to file an available sentencing hearing transcript as the transcript of Petitioner's 2009 sentencing hearing does not appear, based on the Tennessee appellate court clerk's record information, to have been compiled and filed before the appellate court on direct review.

(Doc. No. 19 at 1-2) (footnote omitted).

The Court's prior Order directed Respondent to file "the complete state court record relevant to this matter . . . ." (Doc. No. 8 at 1). Based on Respondent's counsel's response, it does not appear that the transcript at issue was compiled and filed with the Tennessee Court of Criminal Appeals on either direct review or on post-conviction review as an exhibit. Thus, counsel was under no obligation to file it. The motion (Doc. No. 17) will be denied.

## IV. MOTION FOR EXTENSION OF TIME

Finally, Petitioner seeks an extension of time to file a response or reply to Respondent's response to the habeas petition. (Doc. No. 18). He states that he needs a 30-day extension of the deadline "to properly review the contents of the state court record and the Respondent's Answer . . . ." (Doc. No. 18 at 2). This is Petitioner's first request for an extension, and the request appears to have been made in good faith. The motion will be granted.

## V. CONCLUSION

For the reasons explained herein, the Court rules as follows.

Petitioner's "Motion Requesting this Court to Take Judicial Notice of the Official Serology DNA Lab Report Generated by the T.B.I Agency" (Doc. No. 3) is **GRANTED** to the extent Petitioner requests that the Court consider evidence in the underlying state-court record.

Petitioner's "Motion Requesting Chief Judge to Recuse Himself" (Doc. No. 9) is **DENIED**.

Petitioner's Motion to Compel Respondent to Provide Sentencing Transcript (Doc. No. 17) is **DENIED**.

Petitioner's Motion for Extension of Time to File Response/Reply to Respondent's Response (Doc. No. 18) is **GRANTED** nunc pro tunc. Petitioner's response/reply is due now on November 13, 2026. Petitioner may request another extension in writing, if necessary, if he makes the request before the expiration of the deadline.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE